```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```
_____

HOWARD CARY MORRIS,

       Plaintiff,

vs.                                  No. 06-2007-Ml/P

STATE OF TENNESSEE,

       Defendant.
_____

                        ORDER OF DISMISSAL
                              AND
           ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
_____

Plaintiff, Howard Cary Morris, filed this civil complaint against the State of Tennessee and paid the filing fee. The complaint is a *pro se* complaint subject to screening under 28 U.S.C. § 1915(e)(2) which provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-
>
> (A)  the allegation of poverty is untrue; or
> (B)  the action or appeal-
>
>     (i)  is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

The United States Court of Appeals for the Sixth Circuit issued an administrative order which states:

> Even if a non-prisoner pays the filing fee and/or is represented by counsel, the complaint must be screened under § 1915(e)(2). The language of § 1915(e)(2) does not differentiate between cases filed by prisoners and cases filed by non-prisoners. The screening must occur even before process is served or the individual has had an opportunity to amend the complaint. The moment the complaint is filed, it is subject to review under § 1915(e)(2). If the complaint falls within the requirements of § 1915(e)(2) when filed, it must be dismissed.

In Re Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir. 1997)(articulating how district courts should apply the PLRA). The court of appeals applied this administrative order in a published decision by stating unequivocally: "even if the full filing fee is paid, the district court must dismiss the complaint if it comports with § 1915(e)(2)."  McGore v. Wrigglesworth, 114 F.3d 601, 609 (6th Cir. 1997).

This Court then implemented its own administrative order establishing a policy for the Clerk to follow in implementing § 1915(e)(2) which states that it is:

> ORDERED that service not be issued upon the filing of a non-prisoner pro se complaint, pending review of the complaint's merit under 28 U.S.C. § 1915(e)(2). Section 1915(e)(2) provides that whether or not a filing fee is paid, the court shall dismiss a case at any time upon the court's determination that any of the § 1915(e)(2) provisions are met.
>
> It is further, ORDERED that upon the filing of a non-prisoner pro se complaint when the filing fee is paid, the Clerk's Office will promptly direct a copy of the complaint to the Pro Se Staff Attorney's Office for

>     priority screening, and will refrain from issuing summons
>     to the plaintiff for service on the defendant(s) until
>     instructed to do so by court order.

Administrative Order No. 98-10.

Plaintiff sues the State of Tennessee alleging that on August 26, 2005, he was arrested by Memphis City Police for an unspecified misdemeanor crime.  Plaintiff refused to hire an attorney despite the advice of the State Court Judge.  He seeks a fair and speedy jury trial and wishes to represent himself.  Plaintiff is afraid that he will be subject to pressure to retain an attorney and if so, requests that the State Court Judge resign.  He seeks an order from this Court directing the State Court to provide Plaintiff with a fair and speedy jury trial and a judge who will let Plaintiff represent himself.  Plaintiff requests that this Court monitor the State Court proceedings.  In the alternative, Plaintiff seeks an order from this Court dismissing the State criminal charges.

The complaint suffers from numerous defects. Rule 8(a) of the Federal Rules of Civil Procedure specifies that a complaint "shall contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  This complaint does not contain a short and plain statement of the claim; rather it consists largely of recitations of federal constitutional rights which plaintiff contends may potentially be abridged, interspersed with his proposed remedies for the hypothetical violations.  The

complaint also contains short recitations of other grievances by parties plaintiff has chose not to sue.

Federal courts do not supervise or monitor the state courts or state court judges.  This Court lacks jurisdiction or must abstain from exercising any jurisdiction over claims arising from his underlying state court matter.

> United States district courts . . . do not have jurisdiction[]over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.  Review of those decisions may be had only in this [the United States Supreme] Court.

<u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 486 (1983)(citing 28 U.S.C. § 1257).  See also <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 416 (1923)(federal district courts lack jurisdiction to review or modify a judgment of a state's highest court).  In short, "[l]ower federal courts possess no power whatever to sit in direct review of state court decisions." <u>Cleveland Surgi-Center v. Jones</u>, 2 F.3d 686, 691 (6th Cir. 1993). Furthermore, "federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties."  <u>Haggard v. State of Tennessee</u>, 421 F.2d 1384, 1386 (6th Cir. 1970)(citations omitted).

Plaintiff relates no factual allegations to support a claim of any civil rights violation by the State of Tennessee.  Even if he had, the Eleventh Amendment prohibits suits against a state in federal court.  <u>Kentucky v. Graham</u>, 473 U.S. 159, 165-66 (1985);

Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Quern v. Jordan, 440 U.S. 332 (1979).  Accordingly, Plaintiff's claims against the State of Tennessee are barred by the Eleventh Amendment.

As plaintiff's complaint presents claims which are barred by the Eleventh Amendment and which fail to state a claim upon which relief may be granted, the entire complaint lacks an arguable basis either in law or in fact and is, therefore, frivolous.  See Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Under Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999), a district court should dismiss even a paid complaint for want of subject matter jurisdiction if the claims are "frivolous, attenuated, or unsubstantial."  See also Hagans v. Lavine, 415 U.S. 528, 536-37 (1974).  Morris' claims are legally frivolous in this Court because they are based on an "indisputably meritless legal theory" or are "claims whose factual contentions are clearly baseless."  Neitzke, 490 U.S. at 327.  As the claims are frivolous and fail to state a claim, they are inadequate to invoke this Court's subject matter jurisdiction.  Accordingly, the entire complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i),(ii), and (iii) and Fed. R. Civ. P. 12(h)(3).  See Hagans, 415 U.S. at 536-37; Apple, 183 F.3d at 479.

Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in

5

writing that it is not taken in good faith. The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The same considerations that lead the Court to dismiss this case as devoid of subject matter jurisdiction also compel the conclusion that an appeal would be devoid of subject matter jurisdiction and would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith and plaintiff may not proceed on appeal in forma pauperis.

The Sixth Circuit Court of Appeals decisions in McGore v. Wrigglesworth, 114 F.3d 601, 612-13 (6th Cir. 1997), and Callihan v. Schneider, 178 F.3d 800 (6th Cir. 1999), apply to any appeal filed by the plaintiff in this case. If plaintiff files a notice of appeal, he must pay the entire $455 filing fee required by 28 U.S.C. §§ 1913 and 1917,[1] or attempt to renew his request for leave to appeal in forma pauperis by filing "within thirty days after service of the district court's decision as prescribed by Fed. R. App. P. 24(a)(4), a motion with [the Sixth Circuit] for leave to proceed as a pauper on appeal." Callihan, 178 F.3d at 803. Under

---

[1]   The fee for docketing an appeal is $450. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the Clerk of the district court, by the appellant or petitioner.

Callihan, if the appellant does not either file the required motion nor pay the filing fee within this thirty-day period, the appeal will be dismissed for want of prosecution. If the appeal is dismissed, it will not be reinstated once the fee is paid. Id. at 804.

IT IS SO ORDERED this 31st day of May, 2006.

/s/ Jon P. McCalla
JON PHIPPS MCCALLA
UNITED STATES DISTRICT JUDGE